# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JOSEPH JAMES FALCETTA, JR.,** | § | |
| *Petitioner* | § | |
| | § | **A-22-CV-524-LY-SH** |
| **v.** | § | |
| | § | |
| **G. ROSALEZ, WARDEN,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Petitioner Joseph James Falcetta, Jr.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed May 27, 2022 (Dkt. 1). The District Court referred this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 2.

## I.  Background

In 1996, Falcetta robbed a bus that was traveling from Dallas, Texas, to a casino in Louisiana. *Falcetta v. United States*, No. 20-50247, 2021 WL 5766571, at *1 (5th Cir. Dec. 3, 2021). Falcetta and "his partners in crime" boarded the bus with shotguns they had modified by sawing off the barrels. *Id.* Before the robbers could abscond from the bus, Texas sheriff's deputies stopped the bus and arrested them. *Id.* A month later, Falcetta was transferred to the custody of the United States Marshals Service. *Id.* In June 1997, Falcetta stood trial and was sentenced by the Eastern District of Texas to 71 months in prison for armed robbery of a motor vehicle, in violation of

18 U.S.C. § 2119, and 120 months in prison for possession of a short-barreled shotgun during a crime, in violation of 18 U.S.C. § 924(c). *United States v. Falcetta*, 6:96-CR-00059-JDK-KNM (E.D. Tex. Sept. 16, 1997). The sentencing court ordered that Falcetta's sentences be served consecutively. *Id.*, Dkt. 151 at 2. In December 1997, Falcetta was sentenced to 44 years imprisonment by a Texas state court. *Falcetta*, 2021 WL 5766571, at *1.

Falcetta filed a direct appeal of his federal conviction and sentence, which was denied by the Fifth Circuit. *Falcetta v. United States*, No. 6:09-CV-176, 2009 WL 1457041, at *1 (E.D. Tex. May 21, 2009). Falcetta then filed a motion to vacate under 28 U.S.C. § 2255, which was dismissed with prejudice and the dismissal affirmed by the Fifth Circuit. *Id.* The Fifth Circuit also denied a certificate of appealability. *Id.* Falcetta has filed a number of successive § 2255 petitions, all of which have been dismissed for failing to receive permission from the Fifth Circuit to file a successive petition. *Id.*

Falcetta also has filed several habeas corpus petitions under 28 U.S.C. § 2241, arguing that his sentences should be served concurrently and that the Bureau of Prisons ("BOP") failed to calculate his sentences properly. All of these petitions have been denied or dismissed for lack of jurisdiction and the denials affirmed by the Fifth Circuit. *See, e.g.*, *Falcetta v. United States*, 155 F. App'x. 762 (5th Cir. 2005) (rejecting Falcetta's arguments that his federal sentence should have been imposed to run concurrently with his state sentence under U.S.S.G. § 5G1.3(b), his sentences cannot be imposed to run consecutively under 18 U.S.C. § 3584, and the federal sentencing judge did not intend for his sentences to be consecutive); *Falcetta v. United States*, 403 F. App'x 882, 883 (5th Cir. 2010) (dismissing Falcetta's appeal as "frivolous" and "an abuse of the writ" where he raised previously rejected argument that his sentences should be served concurrently); *Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018) (holding that "dismissal for lack of

2

jurisdiction was appropriate because Falcetta failed to show that he exhausted his sentencing credit claim fully through the multi-step BOP exhaustion procedure prior to filing his § 2241 petition"); *Falcetta*, 2021 WL 5766571, at *1 (affirming dismissal of challenge to BOP's calculation of sentences for failure to exhaust administrative remedies).[1]

Falcetta is incarcerated at the Federal Correctional Institution in Bastrop, Texas, and now files the instant writ of habeas corpus under § 2241.

## II.  Analysis

In his § 2241 Petition, Falcetta again challenges the computation of his sentences, arguing that the BOP has improperly calculated his sentences and should have given him credit for good conduct time and for receiving a college degree. Falcetta also contends that his conviction under 18 U.S.C. § 2119 should be vacated because the statute is unconstitutional.

The Court lacks jurisdiction to address the merits of Falcetta's claims, for the following reasons.

### A.  Failure to Exhaust Administrative Remedies

 "[A] federal prisoner filing a § 2241 petition must first pursue all available administrative remedies." *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017). Federal courts do not have jurisdiction over grievances related to computation of sentences and sentencing credit until exhaustion of administrative review by the Bureau of Prisons. *Falcetta*, 2021 WL 5766571, at *1 (citing  *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) (citing *United States v. Wilson*, 503 U.S. 329, 335-36 (1992)); *see also Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (holding that the district court did not have jurisdiction to rule on merits of petitioner's claim that his sentences should be served concurrently before the BOP made a final decision on his nunc pro

---

[1] One of Falcetta's appeals is still pending before the Fifth Circuit. *See* 6:96-cr-00059-JDK-KNM, Dkt. 301.

tunc request). "While exceptions to the exhaustion requirement do exist, they apply only in 'extraordinary circumstances,' and the burden of proof for demonstrating the futility of administrative review rests with the petitioner." *Fillingham*, 867 F.3d at 535 (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)).

Falcetta admits in his Petition that he has not exhausted his administrative remedies with the BOP. Dkt. 1 at 3-4. Because Falcetta did not present his sentencing computation claims to the BOP and has not demonstrated that an exception to the exhaustion requirement applies, his sentencing computation claims must be dismissed for failure to exhaust administrative remedies.

### B.  Challenge to Conviction

Falcetta's argument that his conviction under 18 U.S.C. § 2119 should be vacated because the statute is unconstitutional is outside the proper scope of a § 2241 petition as an attack on errors that occurred at or before his sentencing. "28 U.S.C. 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). "A petition for a writ of habeas corpus pursuant to § 2241 is not a substitute for a motion under § 2255." *Id.* at 452. Thus, a § 2241 petition seeking to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id.*

This Court lacks jurisdiction to construe the instant petition as a § 2255 petition because the Fifth Circuit has not granted Falcetta authorization to file a successive § 2255 petition. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999) (holding that district court lacked jurisdiction to construe a § 2241 petition as a § 2255 motion because petitioner had not received prior authorization from the court of appeals to file a successive § 2255 motion). In addition, a § 2255

motion must be filed in the court in which the petitioner was convicted and sentenced, which in this case would be the United States District Court for Eastern District of Texas. *See Benson v. Justice*, 511 F.3d 486, 487 (5th Cir. 2007) (finding that district court did not have jurisdiction to construe petition as a § 2255 motion where prisoner was sentenced in a different district); *Ojo*, 106 F.3d at 683 (noting that only sentencing court has jurisdiction to address § 2255 motion). For these reasons, the Court lacks jurisdiction to construe Falcetta's § 2241 motion as a motion under § 2255.

The Court nevertheless may address Falcetta's claim through the "savings clause" provision of § 2255 if he can demonstrate that § 2255 otherwise provides him with an "inadequate" or "ineffective" remedy. *Benson*, 511 F.3d at 487. A petitioner seeking relief under the § 2255 savings clause must demonstrate that (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Id.* at 903. The petitioner bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." Section 2255(e); *see also Pack*, 218 F.3d at 452.

Falcetta has not sustained his burden to demonstrate that § 2255 is an "inadequate" or "ineffective" remedy. The Fifth Circuit has held that "a prior unsuccessful § 2255 motion, or the inability to meet [the Antiterrorism and Effective Death Penalty Act of 1996]'s 'second or successive' requirement, does not make § 2255 inadequate or ineffective." *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

5

> A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.

*Pack*, at 453.

Falcetta does not argue that there is a recent retroactively applicable Supreme Court decision establishing that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted. Rather, Falcetta simply attempts to circumvent the limitations on filing successive § 2255 motions. Accordingly, his § 2241 Petition should be dismissed for lack of jurisdiction.

### III.  Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Petitioner Joseph James Falcetta, Jr.'s habeas corpus petition under 28 U.S.C. § 2241 (Dkt. 1) for lack of jurisdiction.

### IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on August 6, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE